UNITED STATES DISTRICT COURT
                                            SOUTHERN DISTRICT OF FLORIDA

                                            CASE NO. 08-80108-CIV-HURLEY
                                            MAGISTRATE JUDGE P. A. WHITE

STUART DUANE AURICH,         :

    Plaintiff,                :

v.                                 :         <u>PRELIMINARY REPORT</u>
                                     <u>OF MAGISTRATE JUDGE</u>
PALM BEACH COUNTY DEPUTY    :
SHERIFF HARRY THOMAS, et al.,

    Defendants.              :
_____

## I. Introduction

The plaintiff, Stuart Duane Aurich, currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

      Sec. 1915 Proceedings in Forma Pauperis

                      * * *

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities

under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998). An action is considered "frivolous" if it is "without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See <u>Fed.R.Civ.P.</u> 8(a); <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11 Cir. 2001), <u>cert. denied</u>, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Id.</u> (quotations and citations omitted). "<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11 Cir. 1998).

The plaintiff names as defendants Palm Beach County Deputy Sheriff Harry Thomas and the Palm Beach County Sheriff's Office. The plaintiff alleges that on or around February 28, 2006, Thomas engaged in excessive and unnecessary force upon his arrest when, knowing that the plaintiff was scheduled for reconstructive

3

shoulder surgery, he dragged him out of his apartment, smashed his shoulder with his knee and refused to allow him to have his medical records and medication. The plaintiff also alleges that the Palm Beach County Sheriff's Office is liable for Thomas's actions. He seeks monetary damages.

### A.   Palm Beach County Sheriff's Office

The Palm Beach County Sheriff's Office is not a "person" within the meaning of §1983 and thus may not be held liable in a civil rights suit for damages. Although certain governmental entities can under some circumstances be deemed "persons" within the meaning of §1983, under Florida law Sheriff's Departments are not governmental bodies. They have no status as a legal entity and therefore cannot sue or be sued. See Dean v. Barber, 951 F.2d 1210 (11 Cir. 1992).

Accordingly, the complaint against the Palm Beach County Sheriff's Office is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

### B.   Claim of Excessive Force/ Denial of Medical Care

The plaintiff has stated sufficient facts to state a cognizable claim of excessive force against Thomas. An allegation of an unjustified, brutal use of force states a claim under §1983. Perry v. Thompson, 786 F.2d 1093 (11 Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985).

The plaintiff does not specify whether he seeks to sue the defendant in his individual or official capacity. A §1983 suit

4

against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

### III.  <u>Recommendation</u>

Based on the foregoing, it is recommended that:

(1) the case proceed against Palm Beach County Deputy Sheriff Thomas in his individual capacity; and

(2) the defendant Palm Beach County Sheriff's Office be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 13 day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Stuart Duane Aurich, <u>Pro Se</u>
    No. 547683
    Saginaw Correctional Facility
    9625 Pierce Road
    Freeland, MI 48623